Rollison v. Blakemore.

## No. 23,832.

---

## No. 23,833.

J. W. ROLLISON, *Appellee,* v. H. D. BLAKEMORE, *Appellant.*

### SYLLABUS BY THE COURT.

AGENCY—*Sale of Real Estate—Sale Made—Commission Earned.* In an action to recover a real-estate broker's commission the defense was that the commission was to be paid only on condition that a purchaser was found who would make certain payments in cash. There was no dispute over the fact that the plaintiff found a purchaser with whom the defendant made a contract for an exchange on terms satisfactory to himself, taking the purchaser's notes secured by mortgage on the land without providing for a cash payment, and promised to pay plaintiff the commission as soon as he could cash one of the notes. Later he denied that he owed the plaintiff anything. *Held,* that the court was justified in finding that the parties understood that plaintiff was to wait only a reasonable time for the payment of his commission and that when defendant refused to pay and denied liability plaintiff could maintain an action to recover.

Appeal from Allen district court; ROBERT E. CULLISON, judge. Opinion filed July 8, 1922. Affirmed.

*S. A. Gard,* of Iola, for the appellant.

*Oscar Foust, John W. Brown,* and *Kenneth H. Foust,* all of Iola, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is the ordinary action to recover a real-estate agent's commission. The agent prevailed and the landowner appeals.

From the findings of the court and a memorandum opinion the case was this: H. D. Blakemore lived at Rock Island, Ill., and owned land in Allen county, near Iola. He employed the plaintiff, a real-estate agent, to find a purchaser for the land at a certain price or an exchange at a higher price. It is not disputed that the efforts of plaintiff were the procuring cause of a written contract entered into between Blakemore and one Justus Hotte for a sale or exchange of the real estate on terms satisfactory to Blakemore. The written agreement provided that the property was to be conveyed to Hotte, in consideration of which he gave to Blakemore his three promissory notes aggregating $9,380 and due in one, two and three years with seven per cent interest, and agreed to secure the assignment and transfer to Blakemore of certain oil and gas leases on lands in Allen county. The defendant visited Manhattan, where the purchaser resided, and investigated his financial standing and responsibility, participated in drawing the contract of sale and was satisfied with the terms. His agent, the plaintiff, brought the parties together, but did not interfere with the making of the contract. In pursuance of the written agreement, Blakemore conveyed the land to the purchaser, and took a mortgage on the lands securing the three notes. The instruments were filed for record and the defendant returned to Iola and remained there about seven weeks and made efforts to procure from Hotte the transfer of the leases. These were never delivered as stipulated and some arrangement was afterwards made between Blakemore and Hotte by which the land was reconveyed to Blakemore. In one of the letters written to Blakemore by the plaintiff, the latter stated his understanding was that he was to get his five per cent commission from the cash payment, which was to be not less than $5,000. The defendant's contention is that the commission was to be paid only on condition that the deal was carried out by the purchaser to the extent of making certain cash payments for the land. The court held that from the evidence of both parties showing their oral transactions after the letter referred to was written, and because the defendant saw fit to enter into a con-

tract which did not require the payment of any cash, it was understood by both parties that the plaintiff was to wait a reasonable time for the payment of his commission. The plaintiff testified that after Blakemore returned to Iola he was in plaintiff's office every day; that on numerous occasions plaintiff asked him for his commission and Blakemore said he would pay as soon as he cashed one of the notes, and his only excuse for not paying was that he was trying still to cash some of them; that he never refused to pay the commission until the day he was leaving for Illinois. At that time plaintiff asked him about the settlement and Blakemore said, "I don't think I owe you anything," and according to the plaintiff, "passed right out of the door." Plaintiff immediately filed suit.

There is no conflict in the evidence. The evidence justified the conclusion that by the action of Blakemore in entering into a contract which required no cash payment, and the subsequent conversations of the parties, both understood that plaintiff was to wait only a reasonable time for his commission.

For another reason there was sufficient evidence to sustain the judgment. Just before he left Allen county for Illinois, defendant denied that he owed plaintiff anything. Plaintiff had earned the commission and was thereupon entitled to sue for it at once.

The judgment is affirmed.